THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00026-MR-DLH

| | |
|---|---|
| KEITH C. CELEBREZZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHRISTOPHER RAY SWANSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff Keith C. Celebrezze brings this action under 42 U.S.C. § 1983 against Christopher Ray Swanson, a deputy with the Cherokee County Sheriff's Department, for violations of his constitutional rights under the First, Second, and Fourth Amendments to the United States Constitution. [Doc. 1].

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that

"frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'").

Here, the Plaintiff alleges that the Defendant arrested him at the Plaintiff's home while the Plaintiff was wearing a bathrobe.[1]  He alleges that, during the arrest, the Defendant pressed his pelvis against the Plaintiff's buttocks and pinned him to the porch railing.  The Plaintiff alleges that the Defendant "wasn't pinning me there hard" but that the experience was "extremely strange, violative, and uncomfortable." [Doc. 1 at 4].  The Plaintiff alleges that the Defendant then held the Plaintiff's right arm "strangely, gently behind my back" before pulling his left arm behind him and placing handcuffs

---

[1] The Plaintiff does not provide any factual account of the events leading up to his arrest. He alludes to being accused of shooting a person identified only as "Mrs. Shields." [Doc. 1 at 3].  He further makes reference to a false police report being made against him by his neighbor.  [Id. at 5].  It is unclear whether either of these events was the impetus for the arrest of the Plaintiff that is described in the Complaint.

on him. [Id.]. The Plaintiff was then transported without injury to the jail where he alleges he was "well-treated." [Id.].[2]

Based on these allegations, the Plaintiff asserts various violations of his constitutional rights. First, he asserts a violation of his First Amendment rights of "Speech; Establishment" arising from the presence of "gigantic ten commandments right behind the judge." [Doc. 1 at 3]. The Plaintiff offers no factual allegations to support this constitutional violation and certainly cites no basis on which to sue an individual deputy for this display. The Plaintiff's assertion of a First Amendment violation is frivolous and will be dismissed.

Next, the Plaintiff asserts that his Second Amendment rights were violated when the Defendant "took my Walther when he was accusing me of shooting Mrs. Shields." [Doc. 1 at 3]. Again, the Plaintiff offers no factual allegations in support of this claim. If in fact, however, the Plaintiff was accused of shooting another person, and the Defendant was in the process of arresting the Plaintiff for that offense, the Defendant was well within the

---

[2] The remaining allegations set forth in the Complaint are less than clear and do not appear to be related to any actions of Defendant Swanson. Specifically, the Plaintiff alleges that the Cherokee County Sheriff, who is not named as a defendant in this action, has failed to protect the Plaintiff against his "sociopathic neighbor." [Doc. 1 at 5]. He further alleges that he has made numerous complaints against a "related State actor" by the name of Ashley Welch and others but still has received "no service or protection." [Id.]. Because these allegations do not appear to pertain to the defendant named in this action, the Court will not discuss them further.

bounds of the Constitution to remove a firearm from the Plaintiff's person. The Plaintiff's claim of a Second Amendment violation is frivolous and will also be dismissed.

Finally, the Plaintiff asserts a violation of his Fourth Amendment rights arising from what he calls an "apparently homosexual seizure." [Doc. 1 at 3]. The Plaintiff has failed to allege facts giving rise to a claim of an illegal seizure in violation of the Fourth Amendment. The Plaintiff's claims regarding the "apparently homosexual" nature of his arrest are frivolous, and therefore, this claim is also denied.

For the reasons stated herein, the Court concludes that the Plaintiff's Complaint is frivolous and therefore subject to dismissal with prejudice.

**IT IS, THEREORE, ORDERED** that the Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: February 14, 2018

Martin Reidinger
United States District Judge